UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES OF AMERICA

VS.                                              CRIMINAL ACTION NO. 2:13-CR-310
                                                 (CIVIL ACTION NO. 2:14-CV-438)
RODRIGO PERDOMO

### ORDER DISMISSING § 2255 MOTION WITH PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY

On November 3, 2014, the Clerk received Movant Rodrigo Perdomo's (Perdomo) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 27. Because it plainly appears from the Court's review of the motion and the record of prior proceedings that Perdomo is not entitled to any relief, the Court dismisses the motion. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2014) (2255 Rules). Perdomo is also denied a certificate of appealability.

### I.  BACKGROUND

Perdomo was convicted in the Southern District of New York of conspiracy to possess with intent to distribute more than one kilogram of heroin in 2001. He was sentenced to a statutory minimum sentence of 120 months imprisonment, to be followed by five years supervised release. D.E. 1-2. Perdomo was released from the Bureau of Prisons and began his supervision in April 2011, the same month he was deported. D.E. 2. Perdomo's supervision was transferred to this Court from the Southern District of New York on April 23, 2014. D.E. 1. A warrant for an offender under supervision was issued for Perdomo. D.E. 2. Perdomo was appointed counsel. D.E. 5.

On final hearing of the motion to revoke his supervision, Perdomo pled true to the law violation of illegal reentry. He was sentenced to 10 months imprisonment to run consecutively to

the sentence in his illegal reentry prosecution. D.E. 11. Perdomo appealed, but the Fifth Circuit dismissed his appeal as frivolous on September 22, 2014. D.E. 26. Perdomo filed his present motion timely. D.E. 27.[1]

## II. MOVANT'S ALLEGATIONS

Perdomo claims his Sixth Amendment right to effective assistance of counsel was violated when counsel 1) failed to request a fast track downward departure, 2) failed to request a downward departure on the ground of cultural assimilation, and 3) by misleading Perdomo to tell the Court that he only came to the United States for his daughter's graduation.

## III. ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

---

[1]    Perdomo filed an identical motion to vacate, set aside or correct sentence in Cause No. 2:13-CR-76, in which he was convicted of illegal reentry.

### B.      Ineffective Assistance of Counsel

1. *Standard for claims of ineffective assistance of counsel*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *Failure to request a downward departure for fast track and cultural assimilation*

Sentencing for violation of supervised release differs from sentencing for a substantive offense. Fast track, even if Perdomo was otherwise eligible, applies to defendants convicted of the substantive criminal immigration offenses. *See* U.S.S.G. § 5K3.1. Cultural assimilation similarly applies only to sentencing for substantive offenses, not for violation of supervised

release. *See* U.S.S.G. § 2L1.2, application note 8. Sentencing policy for violations of supervised release is found in Chapter 7 of the Sentencing Guidelines Manual. Because the sentencing provisions Perdomo claims counsel should have raised do not apply to violation of supervised release, counsel's failure to argue these departures could not have been ineffective assistance of counsel.

3. *Argument regarding defendant's presence in the United States*

Perdomo claims that counsel suggested that Perdomo claim he was only present in the United States to attend his daughter's graduation and that counsel's advice misled him. Perdomo does not provide any factual context for his claim. Perdomo testified at sentencing,

> 13 THE DEFENDANT: Okay. I'm going to read something.
> 14 Before anything, I'd like to apologize for my acts. I accept
> 15 the responsibility for the actions I have taken. And I'm very
> 16 remorseful for what I have done.
> 17 I want you to know that I'm not the same person that
> 18 I was years ago. I now have my own business in Colombia. And
> 19 after I got out of prison, I went to the university in
> 20 Colombia. I took some classes, administrator, small business
> 21 administration. And with those classes, the Government has
> 22 helped me build a business.
> 23 The reason why I came into this country, it was to
> 24 see my daughter graduate. She was graduating in June from high
> 25 school in Miami. I sent the photographs, her graduation
> 1 photos, if you would like to see them.
> 2 I would like to let you know that I didn't come into
> 3 this country to do any harm. I love this country, just as
> 4 other people do. I wanted to be at her graduation, return to
> 5 my country and continue my business. But I believe that I
> 6 didn't really measure the consequences.
> 7 Instead of bringing her that happiness that she would
> 8 have felt by seeing me there, it brought her sadness,
> 9 unhappiness. And now she tells me, when she asks me, "Why did
> 10 you do it," she is not -- she does not agree with what I have
> 11 done, what I did.
> 12 Once again, I want to tell you that I'm profoundly,
> 13 so remorseful. And in Colombia, I have a woman, a wife that is
> 14 my companion. As a matter of fact, we both built that business
> 15 together, a system engineer, and she has helped me quite a bit.

16 And I would like, for the age -- for my age, I do not
17 want any more problems. I do not think I ever again will
18 return to this country. Actually, I didn't think. I didn't
19 think it was this difficult to come in. In the time that I was
20 in the valley, lost there in the valley, I saw death real
21 close. And I believe that was part of my punishment for, for
22 not having thought it over with more -- for not thinking about
23 it more responsibly.
24 Once again, I ask forgiveness. I ask forgiveness,
25 and I promise you that I will not be back here, come back here.
1 All my family is in the United States. Just my father is with
2 me in Colombia. And I was the one that cared for him.
3 Hopefully it's not going to be a long time. I'm hoping that I
4 find him alive, because he's elderly and ill.
5 Once again, I apologize, and I accept my
6 responsibility for the facts of the things that I have done.
7 Whatever Your Honor's decision is, may God bless you, and thank
8 you very much.

D.E. 22, pp. 11-13.

Perdomo's complaint regarding counsel's alleged advice is unclear and devoid of facts.

Perdomo's failure to link his complaints to the facts of his case is fatal. Conclusory allegations

on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. *United*

*States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989); *see also United States v. Jones*, 614 F.2d

80 (5th Cir. 1980) (failure of movant to state specific facts, "is insufficient to state a

constitutional claim."). Perdomo has not established that counsel provided ineffective assistance.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Although Perdomo has not yet filed a notice of appeal, the § 2255 Rules

instruct this Court to "issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Perdomo is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the reasons stated, this Court DISMISSES Perdomo's 28 U.S.C. § 2255 motion (D.E. 27) with prejudice pursuant to Rule 4(b) and DENIES him a certificate of appealability

SIGNED and ORDERED this 2nd day of December, 2014.

_____
Janis Graham Jack
Senior United States District Judge